UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:18-CR-00075-MOC-WCM

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JONATHAN ANTHONY-LEE TORRES, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Modify Sentence (#32). Defendant asks the Court to amend his federal sentence to run concurrent with his state sentence. Because the Court lacks the authority to grant the relief Defendant requests, the Motion will be denied.

I.   **BACKGROUND**

Defendant was sentenced in this matter on December 6, 2018 to 18 months imprisonment, with the term to run consecutively to Defendant's imprisonment under any previous or hereinafter imposed state or federal sentence, followed by 2 years of supervised release. In his Motion, Defendant indicates that he is currently housed in state prison serving a sentence of 50 to 75 months for a state offense. Defendant states he was in federal custody prior to that, from June 5, 2018 through December 21, 2018, and has served 7 months of his federal 18-month sentence. Once released from state custody in January 2023, Defendant reports that he will have another 8 months left to serve of his federal sentence. Defendant states his grandmother is not doing well and requests that the Court modify his sentence to run concurrently with his state sentence to allow

1

him to "make work release by [the] end of 2020." Def. Mot. (#32) at 1. Defendant requests this modification so he can work and make money for his family.

**II.    DISCUSSION**

Section 3584(a) governs multiple sentences of imprisonment and provides in pertinent part: "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Here, not only was the federal sentence of imprisonment imposed before the state term of imprisonment, but the Court specifically stated in its judgment that the term is "to run consecutively to the Defendant's imprisonment under any previous or hereinafter imposed state or federal sentence." It is within the Court's discretion to order that Defendant's sentence run consecutively to his anticipated state sentence. See Setser v. United States, 566 U.S. 231, 244 (2012). The relevant Sentencing Guideline, added after Setser by U.S. Sentencing Guideline amendment 787, effective November 1, 2014, provides that if "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . . , the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." USSG § 5G1.3(c). Here, Defendant was arrested on May 22, 2018, and was detained in state custody for the same offense conduct as the instant offense and on several other unrelated charges. Thus, Defendant's state charges were relevant conduct to his federal conviction. "However, because the Guidelines are advisory, a district court is not obligated to impose a concurrent sentence pursuant to USSG § 5G1.3." United States v. Lynn, 912 F.3d 212, 217 (4th Cir. 2019) (citing United States v. Nania, 724 F.3d 824, 830 (7th Cir. 2013)). Rather, the district court is required to consider the 18 U.S.C. § 3553(a) factors in determining whether to run sentences consecutively or concurrently. 18 U.S.C. § 3584(b).

Here, the Court provided a thorough explanation of the sentence and, in fact, imposed a lower sentence than was recommended by probation. Although the guideline sentencing range was 15 to 21 months, Defendant's probation officer recommended that Defendant "receive an upward departure and be sentenced to a term of 27 months imprisonment." Sentencing Recommendation (#24) at 2.

> The Defendant is 37 years old and he has a lengthy criminal record. He has not been deterred by prior periods of incarceration nor supervision. He continues his criminal conduct while under supervision, pending sentencing and on bond, and even while incarcerated, as evidenced by sanctioned incidents listed in paragraph 98. He continues to fight, resist and threaten law enforcement, as well as threatening and assaulting others. For the reasons cited in paragraph 141, his criminal history category substantially under-represents the seriousness of the Defendant's criminal history or the likelihood that he will commit other crimes.

Id.; see also Presentence Investigation Report (#23) at 35. Defendant's probation officer further recommended that the federal sentence run consecutively to any previously imposed or anticipated state or federal sentence. Sentencing Recommendation (#24) at 2. The Court did not depart from the applicable guideline range, but it did order the federal sentence to be served consecutively to any prior or future sentence to reflect the seriousness of Defendant's criminal history and the likelihood that he will commit other crimes. The Court's decision to order that Defendant's sentence run consecutively to his anticipated state sentence was sufficient but not greater than necessary to accomplish the purposes of 18 U.S.C. § 3553(a).

A district court does not have inherent authority to modify a previously imposed sentence and may only do so in those three specific circumstances: (1) the Bureau of Prisons moves for a reduction, (2) the Sentencing Commission amends the applicable Guidelines range, or (3) another statute or Rule 35 "expressly permit[s]" the court to do so. 18 U.S.C. § 3582(c); United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010); see also United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence

3

is narrowly limited by statute."); United States v. Cunningham, 554 F.3d 703, 708 (7th Cir. 2009) ("[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to [§ 3582's] general rule [barring modification]."); United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997) (same).

None of these three circumstances apply here. There is no motion from the Director of the Bureau of Prisons, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Rule 35 is equally inapplicable. Rule 35(a) allows a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days. As Defendant brings this Motion well after the 14-day period set out in Rule 35(a), the provision is inapplicable. Rule 35(b) provides for a reduction upon motion from the government. Here, there is no motion by the government, so Rule 35(b) is likewise inapplicable. Defendant cites no statutory authority to support his request, and the Court is not aware of any provision that would warrant a sentence modification for the reasons given in Defendant's motion. As such, Defendant's motion is denied.

Having considered Defendant's motion and reviewed the pleadings, the Court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Modify Sentence (#32) is **DENIED**.

Signed: August 6, 2019

Max O. Cogburn Jr
United States District Judge